UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MOHAMMAD HADI GHAREDAGHI AND
ZEINAB MOHAMMADI,
*Plaintiffs*,

v.

ANTONY J. BLINKEN ET AL.,
*Defendants.*

No. 3:24-cv-1798 (VAB)

**RULING AND ORDER ON MOTION TO DISMISS**

Mohammad Hadi Gharedaghi and Zeinab Mohammadi (collectively, "Plaintiffs") have brought suit against Antony J. Blinken, Merrick Garland, Margaret L. Taylor, Jeff Flake, Scott Oudkirk, and Nancy Abella (collectively, "Defendants"), in their official capacities for violations of the Administrative Procedure Act ("APA") and for a writ of mandamus to compel Defendants to complete the adjudication of Ms. Mohammadi's immigrant visa application within a reasonable time. Complaint, ECF No. 1 (Nov. 13, 2024) ("Compl.").

Defendants have filed a motion to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot. to Dismiss, ECF No. 12 (Jan. 17, 2025) ("Mot.").

For the following reasons, Defendants' motion to dismiss under Rule 12(b)(6) is **GRANTED**, and their motion to dismiss under Rule 12(b)(1) is **DENIED** as moot.

This case is dismissed with prejudice.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

   **A. Factual Allegations**

Dr. Gharedaghi is a resident of Stamford, CT, and his mother, Ms. Mohammadi resides in Iran. Compl. ¶¶ 22–23.

On March 2, 2022, Dr. Gharedaghi's I-130 visa application for Ms. Mohammadi allegedly was approved. *Id.* ¶ 8, 33.

On October 19, 2023, Ms. Mohammadi allegedly completed her DS-260 immigrant visa interview. *Id.* ¶ 10, 34. At the end of her interview, she allegedly "was told that her application required additional administrative processing" and allegedly later received a Form 221(g) Notice. *Id.* ¶ 2. Allegedly, Plaintiffs provided supplemental information in a Form DS-5535. *Id.* ¶ 3.

Plaintiffs allegedly completed "all steps required regarding their approved I-130 petition and DS-260 immigrant visa application," *id.* ¶ 39, but more than 390 days had passed since Ms. Mohammadi completed her visa interview. *Id.* ¶ 35.

Plaintiffs allegedly contacted the Defendants regarding the delay in the adjudication of Ms. Mohammadi's visa application. *Id.* ¶ 41.

Plaintiffs allege that, as a result of the delayed adjudication of Ms. Mohammadi's visa application, they have suffered "financial, physical, personal, and emotional hardships without one another." *Id.* ¶ 64. In addition, Plaintiffs allege that Ms. Mohammadi is suffering from an unknown medical condition, and has been separated from her young granddaughter. *Id.* ¶ 65.

### B. Procedural History

On November 13, 2024, Plaintiffs filed their Complaint. Compl.

On January 17, 2025, Defendants moved to dismiss the Complaint. Mot.

On February 6, 2025, Plaintiffs filed a memorandum in opposition to Defendants' motion to dismiss. Mem. in Opp'n, ECF No. 13 ("Opp'n").

## II.     STANDARD OF REVIEW

### A.  Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule [of Civil Procedure] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). The plaintiff bears the burden of establishing by a preponderance of the evidence that the court has subject matter jurisdiction over the claims. *See id.*

"When considering a motion to dismiss [under] Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000); *see also Nat. Res. Def. Council v. Johnson*, 461 F.3d 164, 171 (2d Cir. 2006). The court, however, may also resolve disputed jurisdictional issues "by referring to evidence outside of the pleadings, such as affidavits, and if necessary, hold an evidentiary hearing." *Karlen ex rel. J.K. v. Westport Bd. of Educ.*, 638 F. Supp. 2d 293, 298 (D. Conn. 2009) (citing *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000)).

"When the Rule 12(b)(1) motion is facial, i.e., based solely on the allegations of the complaint . . . , the plaintiff has no evidentiary burden." *Carter v. HealthPort Techs.*, LLC, 822 F.3d 47, 56 (2d Cir. 2016). "[A] defendant is [also] permitted to make a fact-based Rule 12(b)(1) motion, proffering evidence beyond the [p]leading." *Id.* "In opposition to such a motion, the plaintiffs will need to come forward with evidence of their own to controvert that presented by the defendant 'if the affidavits submitted on a 12(b)(1) motion . . . reveal the existence of factual problems' in the assertion of jurisdiction." *Id.* (quoting *Exch. Nat'l Bank of Chi. v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976)).

### B. Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "[t]wo working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (alteration in original) (citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), the court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. The court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 359 (2d Cir. 2013); *see also York v. Ass'n of the Bar of N.Y.C.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

### III. DISCUSSION

Defendants argue that Plaintiffs' Complaint must be dismissed for lack of jurisdiction because (1) the doctrine of consular nonreviewability bars judicial review, (2) given that the application has been acted upon, the relief sought is moot, (3) and the court lacks jurisdiction under the mandamus act. Defendants further contend that the Complaint should be dismissed for failure to state a claim under the APA.

The Court will address each argument in turn, to the extent necessary.

#### A. The Doctrine of Consular Nonreviewability

In this Circuit, "[i]t is settled that the judiciary will not interfere with the visa-issuing process." *Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1181 (2d Cir. 1978) ("*Hsieh*"). "The doctrine of consular non-reviewability 'holds that a consular official's decision to issue or withhold a visa is not subject to judicial review, at least unless Congress says otherwise.'" *Sunny v. Biden*, 573 F. Supp. 3d 759, 770 (E.D.N.Y. 2021) (quoting *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999). The "doctrine is grounded in Congress' plenary power in the regulation of immigration and admission of aliens into the United States." *Castillo v. Rice*, 581 F. Supp. 2d 468,

5

475 (S.D.N.Y. 2008) (citing *Kleindienst v. Mandel,* 408 U.S. 753, 766 (1972) ("The power of congress to exclude aliens altogether from the United States, or to prescribe the terms and conditions upon which they may come to this country, and to have its declared policy in that regard enforced exclusively through executive officers, without judicial intervention, is settled by our previous adjudications.")).

"The Second Circuit has never recognized or addressed the distinction between consular inaction and action as a basis for judicial intervention in the visa-issuing process." *Algazali v. Blinken*, No. 23 CIV. 6038 (LGS), 2025 WL 357721, at *4 (S.D.N.Y. Jan. 31, 2025). "[S]ome courts outside this Circuit, including the Ninth Circuit, have held that the doctrine does not apply where a plaintiff simply seeks to compel adjudication of a visa application[,]" and "[a] small minority of courts in this Circuit have also found that the doctrine does not necessarily apply to unreasonable delay claims." *Khan v. United States Dep't of State*, 722 F. Supp. 3d 92, 98 (D. Conn. 2024).

But "most courts in this Circuit to address the issue have held that, under *Hsieh*, the doctrine indeed bars unreasonable delay claims, whether they are brought pursuant to the APA, the Mandamus Act, or both statutes." *Id.* (collecting cases); *see also Motahari v. Blinken*, No. 23 CIV. 7608 (LGS), 2024 WL 3185886, at *2 (S.D.N.Y. June 26, 2024) ("The vast majority of courts in this Circuit have applied this doctrine when applicants ask a court to compel the adjudication of a visa application. . . Plaintiffs' argument that a challenge to a delay in adjudication is distinguishable from a challenge to the denial of a visa application is contrary to the weight of caselaw in this Circuit."); *Nawaz v. United States Dep't of State*, No. 22-CV-05343 (DG) (RML), 2024 WL 99486, at *4 (E.D.N.Y. Jan. 9, 2024) ("Courts in this Circuit have expressly noted that, notwithstanding caselaw in other circuits, a distinction between challenging a decision and compelling adjudication

6

is not a distinction that has a basis in Second Circuit law. . . . [and] have applied the doctrine of consular nonreviewability to unreasonable delay claims under the APA and unreasonable delay claims under the Mandamus Act.").

Courts have thus found that this doctrine applies to bar actions seeking adjudication of I-130 visa applications, *Nurjahan v. U.S. Dep't of State*, No. 22-CV-2692 (ARR), 2023 WL 2931581, at *2 (E.D.N.Y. Apr. 13, 2023); *Motahari*, 2024 WL 3185886, at *2–3; *Saleh v. Holder*, 84 F. Supp. 3d 135, 139–140 (E.D.N.Y. 2014), including those issued an initial denial under Section 221(g). *See Morales v. Goldbeck*, No. 12-CV-2350, 2013 WL 937825, at *1, *4 (E.D.N.Y. Mar. 11, 2013) (finding that "the consular non-reviewability doctrine applies and this Court lacks jurisdiction to consider Plaintiff's claims" where plaintiff challenged a consular official's issuance of "a standard denial letter, stating that [his fiancée] did not fulfill the requirements for the visa pursuant to § 221(g)"); *but see Plesha v. Garland*, No. 24-CV-7234 (BMC), 2024 WL 5221202, at *3 (E.D.N.Y. Dec. 26, 2024) ("[C]ourts commonly permit plaintiffs to bring claims challenging delays in their family members' applications related to form I-130 petitions for alien relatives." (collecting cases)); *Waris v. Bitter*, No. 23-CV-9487 (JGLC), 2024 WL 3237914, at *8 (S.D.N.Y. June 28, 2024) ("[T]he doctrine of consular nonreviewability does not apply here, where there has not been a final adjudication on Farooq's visa application and Waris seeks to compel an adjudication."); *Sharifi v. Blinken*, 731 F. Supp. 3d 433, 438 (E.D.N.Y. 2024) ("[I]n refusing Mahin's visa application for further administrative processing under Section 221(g), consular officials have taken no final action: though nominally 'refused,' Mahin's visa application remains under consideration in a state of administrative limbo that cannot fairly be described as a final determination. For the Court to exercise its authority over undue delay cases under such

circumstances does not interfere with Congress' plenary powers nor disturb the doctrine of consular nonreviewability.").

Defendants argue that the doctrine of consular nonreviewability bars Plaintiffs' claims. Mot. at 8–9.

In response, Plaintiffs argue that, in *U.S. Department of State v. Muñoz*,"[t]he Supreme Court . . . clarified that the doctrine of consular nonreviewability is non-jurisdictional," and cites to several decisions in other Circuits as persuasive authority to support finding that consular nonreviewability is not applicable here. Opp'n at 13–15 (citing *Dep't of State v. Muñoz*, 602 U.S. 899 (2024))

The Court disagrees, at least in part.

Under *Muñoz*, "[t]he Court retains jurisdiction despite the doctrine of consular nonreviewability because the doctrine is not jurisdictional," *Algazali* 2025 WL 357721, at *2 (citing *Muñoz*, 602 U.S. at 908 n.4). Rather, "[a] court's dismissal of a claim 'based on consular reviewability is a merits disposition under Federal Rule of Civil Procedure 12(b)(6).'" *Chen v. Blinken*, No. 23-CV-2279 (NGG), 2025 WL 606221, at *6 (E.D.N.Y. Feb. 25, 2025) (citations omitted).

Even after *Muñoz*, courts in this District and "a majority of others in this circuit have applied the doctrine [of consular nonreviewability] both to actions challenging an official's final decision and actions seeking adjudication of a visa application." *Salim v. U.S. Att'y Gen. Merrick Garland*, No. 23-CV-5325 (DLI), 2024 WL 4198498, at *3 (E.D.N.Y. Sept. 16, 2024); *Ullah v. Schrader*, No. 23-CV-6815 (DLI), 2024 WL 4198500, at *3 (E.D.N.Y. Sept. 16, 2024), *appeal dismissed* (2d Cir. 24-2528) (Feb. 21, 2025) ("While, as Plaintiffs observe, a minority of courts in this circuit have held that the doctrine does not prohibit judicial review of undue delay claims, this

Court and others within this circuit do not adhere to this minority view."); *Esghai v. U.S. Dep't of State*, No. 24 CIV. 2993 (PAE), 2024 WL 4753799, at *6 (S.D.N.Y. Nov. 12, 2024) ("[C]ourts in this Circuit have routinely declined to intervene in the 'visa-issuing process' even where the immigration agency had not acted at all on the application at issue.").

"[O]ne 'narrow exception to this bar exists when the denial of a visa allegedly burdens the constitutional rights of a U.S. citizen.'" *Algazali*, 2025 WL 357721, at *3 (quoting *Muñoz* 602 U.S. at 908). But Plaintiffs do not argue that this exception applies here. As a result, Plaintiffs' claims premised on Defendants' alleged unreasonable delay in processing Ms. Mohammadi's visa are not viable under the doctrine of consular nonreviewability.

Moreover, even if the Court were to adopt the reasoning of the minority of courts in this Circuit, and conclude that the doctrine does not bar claims based on consular "inaction," the Court would, nonetheless deny Plaintiffs' claims, as several of the courts adhering to the minority view in this Circuit have done. *See Plesha*, 2024 WL 5221202, at *6 (concluding "plaintiffs fail to state a claim for relief under the APA."); *Waris*, 2024 WL 3237914, at *5–8 (dismissing APA claim after concluding delay is not unreasonable and dismissing Mandamus Act claim); *Sharifi*, 731 F. Supp. 3d at 438–39 (E.D.N.Y. 2024) (dismissing APA and Mandamus Act claims without prejudice).

"In assessing whether the agency has unreasonably delayed an action, courts in the Second Circuit apply the six factors set forth by the D.C. Circuit in *Telecommunications Research & Action Center v. FCC,* 750 F.2d 70, 80 (D.C. Cir. 1984) ('*TRAC*')," *Williams v. Smith*, No. 3:22-CV-1630 (SVN), 2024 WL 3292725, at *11 (D. Conn. July 3, 2024):

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for

> this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action or agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Id.* (citing *Families for Freedom v. Napolitano*, 628 F. Supp. 2d 535, 540 (S.D.N.Y. 2009)).

Here, even assuming a delay since October 19, 2023, when Ms. Mohammadi allegedly completed her visa interview, Plaintiffs fail to show that a delay of approximately two years is unreasonable. *See Sharifi*, 731 F. Supp. 3d at 439 ("It is settled, . . ., that the mere passage of time cannot sustain a claim of unreasonable delay. Courts have held delays in the vicinity of five years in the adjudication of immigration benefits not to be unreasonable as a matter of law." (quoting *N-N v. Mayorkas*, 540 F. Supp. 3d 240, 260–61 (E.D.N.Y. 2021)); *and citing Almakalani v. McAleenan*, 527 F.Supp.3d 205, 225 (E.D.N.Y. 2021) ("[C]ourts in this circuit have repeatedly found that delays of as long as five years in USCIS's adjudication of immigration benefits are not unreasonable."));

Likewise, to bring a claim for unreasonable delay under the Mandamus Act, a plaintiff must show "that (1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Waris*, 2024 WL 3237914, at *5 (quoting *Benzman v. Whitman*, 523 F.3d 119, 132–33 (2d Cir. 2008)). Here, Plaintiffs cannot establish "there is no other adequate remedy available," because, even assuming the doctrine of consular nonreviewability applies, an APA claim provides another adequate remedy. *See Waris*, 2024 WL 3237914, at *5 ("Here, although Waris argues that she has exhausted all administrative remedies by providing the Islamabad Embassy with all necessary documents and making calls to the Islamabad Embassy and

10

congressional offices, the availability of an APA claim leaves Waris unable to establish the third prong of this test. . . .This is true even though Waris fails to adequately plead an APA claim for the reasons stated in Section IV."); *Sharifi*, 731 F. Supp. 3d at 438 ("Here, the availability of an APA claim—even though it, as discussed below, fails on the merits here—leaves Plaintiffs unable to establish the third prong of this test."). As a result, even if the doctrine of consular nonreviewability did not apply, Plaintiffs' claims must be dismissed.

Accordingly, because the doctrine of consular nonreviewability bars Plaintiffs' claims under the APA and Mandamus Act, the Court will grant the motion to dismiss.[1]

### B. Leave to Amend

Under Federal Rule of Civil Procedure 15(a),

> [a] party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998).

Reasons for denying leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Lucente v. Int'l Bus. Machines*

---

[1] Because the Court determines that the doctrine of consular nonreviewability bars Plaintiffs' claims, it need not and does not address Defendants' other arguments for dismissal under Rule 12(b)(1).

11

*Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting that leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"). "[A] motion for leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Phillip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)); *see also Kim v. Kimm*, 884 F.3d 98, 105–06 ("Therefore, because the proposed amendments would have no impact on the basis for the district court's dismissal and would consequently be futile, the district court did not abuse its discretion in denying [the plaintiff] leave to amend." (citing *Ellis*, 336 F.3d at 127)).

Here, as discussed above, leave to amend would be futile given that "under existing Second Circuit case law, the doctrine of consular nonreviewability bars [the] review of [an] unreasonable delay claim under the APA and Mandamus Act." *Khan*, 722 F. Supp. 3d at 98.

Accordingly, leave to amend will be denied as futile.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss under Rule 12(b)(6) is **GRANTED**, and their motion to dismiss under Rule 12(b)(1) is **DENIED** as moot.

This case is dismissed with prejudice.

The Clerk of Court is respectfully directed to close this case.

**SO ORDERED** at New Haven, Connecticut, this 8th day of August, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE